UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC -8 P 12:57

U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT HARSCH,
    Plaintiff

v.

SPECIALTY ELASTOMERS
HOLDINGS, INC.
    Defendant

Case No.
03-CV-12280-WGY

**DEFENDANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT**

Pursuant to Fed.R.Civ.P. 8 and 12, the defendant, Specialty Elastomers Holdings, Inc., responds, paragraph by paragraph, to the allegations in the plaintiff's complaint.

1. Upon information and belief, the defendant admits the allegations of fact contained in paragraph one.

2. The defendant admits the allegations of fact contained in paragraph two.

3. The defendant admits the existence of the Agreement and further answers that the Agreement speaks for itself.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in

paragraph four and, on that basis, denies the same.

5. The defendant admits the existence of the Agreement and further answers that the Agreement speaks for itself.

6. The defendant denies the allegations of fact contained in paragraph six. The defendant further answers that section 8.1 of the parties' Agreement speaks for itself.

7. The defendant denies the allegations of fact contained in paragraph seven. The defendant further answers that section 8.4 of the parties' Agreement speaks for itself.

8. The defendant admits the allegations of fact contained in paragraph eight.

9. The defendant denies the allegations of fact contained in paragraph nine.

10. The defendant denies the allegations of fact contained in paragraph ten.

11. The defendant denies the allegations of fact contained in paragraph eleven.

As to the numbered "Wherefore" clause, defendant denies any liability, in any form or amount, to plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's claims are barred by the doctrine of estoppel.

### Second Affirmative Defense

The plaintiff has failed to mitigate his alleged damages.

### Third Affirmative Defense

The defendant acted in good faith at all relevant times.

### Fourth Affirmative Defense

The plaintiff's claim for breach of contract is barred because the defendant fully or substantially performed any and all of its contractual obligations.

### Fifth Affirmative Defense

The plaintiff's claim for breach of contract is barred because the defendant's performance was excused by the plaintiff's prior and material breach of the contract.

### Sixth Affirmative Defense

The plaintiff has failed to state a claim upon which relief may be granted.

### Seventh Affirmative Defense

The plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

The plaintiff brings this action with unclean hands.

### Ninth Affirmative Defense

The plaintiff's claims do not satisfy the requirements of Fed.R.Civ.P. 11(b).

COSTS AND ATTORNEY'S FEES

The defendant reserves the right to request costs and attorney's fees.

                        Respectfully submitted,
                        Specialty Elastomers
                        Holdings, Inc.,
                        By its attorneys,

_____
Norman Holtz, BBO# 238880
Eugene J. Sullivan III,
BBO # 656497
GILMAN/ HOLTZ, P.C.
25 New Chardon Street
Boston, MA 02114
(617) 720-2663

[of counsel]        Jessica Lee
                     Jerry Meade
                     GIBSON, DUNN & CRUTCHER LLP
                     1801 California Street, Suite 4100
                     Denver, CO 80202
Dated: 5 Dec 03   (303)298-5700


Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail.

_____
Dated: 5 Dec 03             Eugene J. Sullivan III