UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JAN 28 P 2 25

DISTRICT COURT
DISTRICT OF MASS.

ROBERT HARSCH,
        Plaintiff

v.

        Case No. 03-CV-12280-WGY

SPECIALTY ELASTOMERS
HOLDINGS, INC.
        Defendant

## MOTION AND MEMORANDUM IN SUPPORT OF TRANSFER UNDER LOCAL RULE 40.1(E)(5),(I) and (J)

Plaintiff moves to transfer this action to join a related case entitled *Richard Bowie v. Specialty Elastomers Holdings, Inc.* Case # 03-CV-12279-RWZ now pending before Hon. Rya W. Zobel on which a scheduling conference has been held and a scheduling order entered.

In support thereof the plaintiff asserts the following:

1. The defendant is the same entity in each case;

2. The complaint in each case alleges that the defendant hired the plaintiff to perform duties as an executive for the corporation under a written contract of employment that was breached by the defendant.

3. The contracts contain the same or substantially similar language with identical termination and notice provisions in each case;

4. Interpretation of the termination and notice provisions is at issue in each case;

5. The alleged entitlement of the plaintiffs to bonus compensation is dependant upon the same set of facts in each case;

6. It is anticipated that discovery and witnesses will be the same or substantially similar in each case.

Local Rule 40.1(I) governs transfer of cases previously assigned. It provides that "In the interest of justice or to further the efficient performance of the business of the court, a judge . . . with respect to civil cases only, may transfer the case to another judge, if the other judge consents to transfer." Local Rule 40.1(J) requires that a motion to consolidate "be made in the case first filed in this court." Local Rule 40.1(I) does not address the subject of where to file a transfer request but the language of the rule requires an act of transfer as well as assent to that action. For that reason, a similar motion has been filed in the *Bowie* case seeking the assent of Judge Zobel to the transfer of this case to that session.

Since the contract language regarding notice of termination is identical, the witnesses will be substantially the same for purposes of discovery and and/or trial and there are common issues of fact and law, the efficiency of the court will best be served by having both cases assigned to the same session. It will permit the determination of common issues of discovery and law by one judge, avoid duplication of discovery, and permit both cases to proceed on the same or similar schedules for possible consolidation in the future.

Both cases were filed in the Massachusetts Superior Court and removed by the defendant to United States District Court. The case of *Richard Bowie v. Specialty Elastomers Holdings, Inc.* was the first case docketed in this court and a scheduling conference and order has been issued. It would therefore be prudent and in keeping with the letter and spirit of

Local Rule 40.1(J) that the *Harsch* case be transferred to Judge Zobel's session at this time.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

*/s/ Charles A. Murray*

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: January 26, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true copy of the attached document to the following counsel of record by: FIRST CLASS MAIL, POSTAGE PREPAID, as follows:

Norman Holtz,
Eugene J. Sullivan III,
GILMAN/ HOLTZ, P.C.
25 New Chardon Street
Boston, MA 02114

Jessica Lee
Jerry Meade
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4100
Denver, CO 80202

Date: January 26, 2004   */s/ Charles A. Murray*
Charles A. Murray, III