UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HARSCH, <br><br>        Plaintiff <br><br> v. <br><br> SPECIALTY ELASTOMERS <br> HOLDINGS, INC. <br><br>        Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 03-CV-12280-RWZ <br> ) <br> ) <br> ) <br> ) |

## STIPULATED PROTECTIVE ORDER GOVERNING PROTECTION AND USE OF CONFIDENTIAL MATERIAL

The parties hereto agree that the following procedures in this Confidentiality Agreement (hereinafter "Agreement") shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged by and among all parties in the course of this action (the "Action");

1.   (a) Counsel for any party, person or entity (hereinafter "person") subject to discovery in the Action may designate as "Confidential" any files, documents, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action which such Person believes in good faith constitutes or reveals confidential, non-public business or personal information.

      (b) The designation by any Person of any document, material or information as "Confidential" shall constitute a representation that such document, material or information has been reviewed by an attorney for the Person and that, in such counsel's opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a producing party's inadvertent failure to designate material "Confidential" in accordance with the terms of this paragraph will not preclude a later designation (but no later than 30 days from original production) to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

2.   "Confidential" materials will be used by the receiving party solely for purposes of preparing for and conducting the litigation of the Action and any appellate proceedings in the Action..

3. Any documents or other tangible materials designated as "Confidential" shall be so designated by stamping the same with the legend "Confidential" or substantially similar legend, at the time of their production.

4. Any deposition or other testimony may be designated as "Confidential" by any one of the following means:

(a) stating orally on the record of a deposition that certain information or testimony is "Confidential" or that the entire deposition transcript is so designated; or

(b) sending written notice within twenty business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential". However, all oral testimony regardless of whether a designation was made on the record, shall be treated as "Confidential" until twenty business days after the transcript of the deposition has been received by the party whose "Confidential" materials are involved.

5. Discovery materials designated "Confidential" shall not be disclosed by the party receiving such materials to persons other than:

(a) this Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) any named party and the current officers, directors, and employees of such party;

(c) counsel to the parties in the Action who have entered appearances in the Action and inside counsel of the parties, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(d) any jurors and alternate jurors;

(e) consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph Six of this Agreement are complied with prior to any disclosure of any "Confidential" materials to such expert or consultant;

(f) any non-party who received or authored the confidential information, provided that the provisions of Paragraph Six of this Agreement are complied with prior to any disclosure of any "Confidential" materials to such non-party;

(g) any person that the party receiving confidential information has previously identified in writing as an expected witness at trial, provided that the provisions of Paragraph Six of this Agreement are complied with prior to any disclosure of any "Confidential" materials to such expected witness; and

(h) any other person to whom the parties agree in writing.

6. Before any disclosures that are designated "Confidential" are made pursuant to paragraphs 5(e), 5(f), or 5(g) of the Agreement, the receiving party shall provide notice to the producing Person, and shall provide the curriculum vitae, summary of professional background, or other sufficient identifying material of the independent expert, consultant, non-party, or expected witness to whom the disclosure is proposed to be made. The producing Person shall have five business days from receipt by its counsel of such notice to object in writing to any disclosure contemplated in paragraph 5(e), 5(f), or 5(g) during which time no such disclosure shall be made. If the producing Person does object to the proposed disclosure, the parties shall meet and confer in good faith to resolve the disagreement. If the parties are not able to come to an agreement, the producing Person shall have an additional five business days within which to file a motion for a protective order seeking to prevent the disclosure of the "Confidential" materials to such consultant or expert. If such motion is filed, disclosure shall not be made until the Court has ruled on the motion. If the producing party does not file a motion for a protective order within five business after the parties have met and conferred, the requesting Person shall have the right to make the proposed disclosure. Such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of the Agreement regarding disclosure to any other person.

7. Counsel shall be responsible for maintaining copies of all acknowledgements signed by persons receiving "Confidential" information. Such acknowledgments shall be available for inspection by counsel for all parties to this action after the final termination of this Action.

8. If any party objects to the designation of any discovery materials as "Confidential", the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the discovery materials shall continue to be deemed "Confidential" under the terms of this Agreement. In any court proceeding regarding confidential information, the burden shall be on the party asserting the claim to demonstrate that any document or information is "Confidential".

9. Nothing herein shall prevent any Person from seeking, by written agreement of the parties hereto or court order, further, greater, or lesser protection with respect to the use of any "Confidential" materials in connection with this Action.

10. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own "Confidential" materials.

11. Within sixty (60) days after the producing party's request therefore and after the final termination of the Action, counsel shall return all confidential materials and copies (including excerpts and summaries) thereof to counsel for the producing party, or, in lieu thereof, certify in writing, that such "Confidential" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained documents and the "Confidential" information contained therein will continue to be treated as provided in this Agreement.

12. If any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date.

13. The inadvertent production of any document or other disclosure of information which the producing person contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or information disclosed or as to any other document or information relating thereto. Within a reasonable time, the producing person shall give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the

4

producing person within fourteen (14) days of such demand, unless the receiving party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, in which case the receiving party and producing person shall attempt to resolve the dispute. If the dispute is not resolved, the producing person may move the Court for a protective order. In the event the producing person makes such a motion, the producing person shall have the burden to demonstrate the applicability of the privilege claimed and the producing person's notification of inadvertent production. Any documents or information as to which notice has been given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the receiving party and the producing person otherwise agree.

Assented to and agreed to by:

The defendant,
Specialty Elastomers Holdings, Inc.,
By its attorneys,

*Eugene J. Sullivan III*
Digitally signed by Eugene J. Sullivan III
DN: CN = Eugene J. Sullivan III, C = US, O = Gilman/ Holtz, P.C.
Date: 2004.05.06 12:22:25 -04'00'

---
Norman Holtz, BBO# 238880
Eugene J. Sullivan III, BBO# 656497
GILMAN/HOLTZ, P.C.
25 New Chardon Street
Boston, MA 02114
(617) 720-2663

[of counsel]

Jessica Lee
Jerry Meade
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4100
Denver, CO 80202
(303) 298-5700

The plaintiff,
Robert Harsch,
By his attorney,

/s/ Charles Murray by E.J.S.
---
Charles A. Murray, III, Esq.,
BBO# 364240

>CHARLES A. MURRAY, P.C.
>700 Pleasant Street
>New Bedford, MA  02740
>(508) 984-8500

Dated: May 6, 2004

So Ordered: _____*/s/ Rya W. Zobel*_____
                Judge Zobel, US District Court, Boston